[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
1. The above captioned action commenced on March 25, 1997 with the filing of a Paternity Petition to establish the paternity of and support orders for Errol Keith Townsend, Jr, date of birth January 6, 1991.
2. Both the petitioner and respondent filed appearances at a hearing held on April 29, 1997.
3. The matter was then continued to May 27th, June 17th and July 8th for respondent to obtain the services of an attorney.
4. On July 8, 1997, respondent was present with counsel, petitioner was present and the assistant attorney general represented the state. A judgment of paternity entered, together with medical orders and temporary orders for current, weekly child support. All orders were effective July 11, 1997 and the matter was further continued to September 25, 1997 for the entry of permanent weekly support orders.
5. The matter was further continued to October 9th and then to November 13, 1997 for the special hearing docket.
6. On November 13, 1997, the Assistant Attorney General, the CT Page 2069 petitioner, the respondent and respondent's counsel were present. Both parties testified extensively. The respondent offered in to evidence exhibits including corporate and personal tax returns covering the period 1993 through 1996; corporate checks payable to four different women, said checks allegedly representing voluntary child support payments for other children not at issue here; and a City of Hartford Tax bill. Both parties submitted sworn financial affidavits.
7. The petitioner's financial affidavit and her credible testimony support a finding that the petitioner receives worker's compensation income in the amount of $160 per week.
8. The respondent's personal tax returns claim the following as yearly incomes:
1994 — $580
1995 — $2086
1996 — $4095
These figures are not credible when viewed in light of the testimony, other exhibits, the respondent's financial affidavit, his lifestyle, what he pays an employee, the hours that he allegedly works, etc.
9. The respondent also submitted as an attachment to his financial affidavit, a "worksheet" for the first six month's business of AAA Auto Towns Repair, Inc., indicating the business's income and expenses.
10. The respondent is the sole shareholder and operator of AAA Auto Towns Repair, Inc. Respondent's financial affidavit does not include a value for this business. Respondent testified that the business employs one full time worker in addition to himself and two subcontractors. The corporate tax returns reflect a significant growth in business. The corporate tax returns and other exhibits reveal significant personal expenses that have been paid through the corporation.
11. The respondent offered exhibits evidencing sporadic support for four other children, some of whom are minors. The respondent is only legally obligated to support one of these children. CT Page 2070
12. Based upon the credibility of the testimony of each party, the credibility of their respective financial affidavits and the credibility of the exhibits, the following findings and orders shall enter:
 A. The petitioner is found to have weekly income of $160.
 B. The respondent is found to have present income for the purposes of setting child support in the amount of $467 per week.
 C. The Child Support Guidelines indicate that respondent should pay to petitioner the sum of $118.50 per week as and for current child support. However, it would be inappropriate and inequitable to order said amount considering the needs of respondent's other children. Therefore, the respondent is ordered to pay to the petitioner as and for current child support the sum of $80.00 per week, effective November 13, 1997.
 D. The arrearage for past support owed by the respondent for the periods March 15, 1994 through November 13, 1997 is calculated as follows, based on the credibility of respondents tax returns and the testimony of the parties:
 For 1997
$30/wk x 18 wks $80/wk x 30 wks $2940
 For 1996
$79/wk x 52 wks $4108
 For 1995
$32/wk x 52 wks $1664
 For 1994
$25/wk x 41 wks $1025
 Total $9747 CT Page 2071
Less Credit [see exhibits] ($450)
Due $9287
 E. The respondent is ordered to pay $15.00 per week on the arrearage owed to the petitioner in the amount of $9287 as of November 28, 1997.
The Court
Susan S. Reynolds Family Support Magistrate